UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 3:07-CR-00086(01)RM |
| ) | |
| DAVID L. AKERS ) | |
| ) | |

<u>OPINION and ORDER</u>

This matter is before the court on David Akers's motion to dismiss the indictment against him based on various constitutional challenges. Mr. Akers is charged with one count of traveling in interstate commerce and knowingly failing to register and update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. For the reasons that follow, the court denies Mr. Akers's motion.

The following facts are recited for purposes of resolving the dismissal motion. In July 2001, Mr. Akers pleaded guilty to sexual battery in Lorain County, Ohio in violation Ohio Rev. Code Ann. § 2907.03(A)(2). The court entered judgment on October 10, 2001, sentencing Mr. Akers to community control for a term of four years and informing him of his requirement to register as a sex offender under the state's laws. Mr. Akers acknowledged this responsibility by signing a document in open court. Mr. Akers continued to reside in Ohio and registered annually for three years following his conviction as required by the state sentencing court.

Mr. Akers did not renew his Ohio registration in 2004 and was put on violation status. On January 14, 2005, Mr. Akers registered a change of address indicating that he moving to Betsy Lane, Kentucky. On August 3, 2005, Mr. Akers officially registered as a sex offender in Kentucky, and was advised that he was required to register in the state of Kentucky for life as well as register in any state in which he relocated, was employed, or was a student.

In April 2006, Mr. Akers moved to South Bend, Indiana, but he didn't register as a sex offender with the St. Joseph County Sheriff's Department. On October 10, 2006, a state grand jury in Kentucky returned an indictment against Mr. Akers for failure to maintain current registration. Mr. Akers was arrested on August 22, 2007, and on September 4, the United States filed a complaint against Mr. Akers alleging that from on or about February 28, 2007, to on or about August 22, 2007, Mr. Akers failed to register as required by SORNA, in violation of 18 U.S.C. § 2250. On September 13, 2007, a federal grand jury sitting in the Northern District of Indiana returned an indictment against Mr. Akers for that offense.

On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 and its subsection of SORNA, requiring each state to maintain a jurisdiction-wide sex offender registry that complies with the statutory specifications. 42 U.S.C. § 16912. SORNA requires a sex offender to register and keep the registration current in each jurisdiction in which he lives, works, or is a student. *See* 42 U.S.C. § 16911(11), (12), (13); 42 U.S.C. § 16913(a). Immediately

2

after a sentencing, an "appropriate official" must explain the offender's duties under SORNA, require the offender to read and sign a form stating the duty to register has been explained and that the sex offender understands the registration requirements, and ensure that the sex offender is registered. 42 U.S.C. § 16917(a).

SORNA also directed the Attorney General to prescribe rules for notifying offenders who cannot be registered in the manners set forth in § 16917(a). *See* 42 U.S.C. § 16917(b). SORNA authorized the Attorney General to specify applicability to sex offenders convicted before July 27, 2006, as well as offenders convicted before the particular jurisdiction implements SORNA. 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim rule deeming SORNA retroactive to anyone convicted of an offense listed in SORNA at anytime. *See* 28 C.F.R. 72.1 *et seq.*

In addition to SORNA, the Walsh Act also created a new federal offense for knowingly failing to register or update a registration, codified at 18 U.S.C. § 2250. As opposed to the previous federal law which made it a misdemeanor for failing to register after traveling in interstate commerce, a sex offender who fails to register as required by SORNA may be subject to up to ten years imprisonment. 18 U.S.C. § 2250(a).

Mr. Akers poses a number of arguments in support of his motion to dismiss, including facial challenges to SORNA as well as challenges to SORNA's application to Mr. Akers.

3

*1. SORNA Violates the Commerce Clause*

Mr. Akers argues that Congress lacks the power under the Commerce Clause to force individuals convicted of purely local sex offenses to register as sex offenders, so the indictment must be dismissed because the government can't establish that SORNA required Mr. Akers to register. Mr. Akers maintains that SORNA's registration requirements are unconstitutional because they don't fall into any of the three broad categories of activity that Congress may regulate under its commerce power. Mr. Akers claims that the registration requirements may be upheld only if they regulate an activity that substantially affects interstate commerce. Mr. Akers relies on United States v. Lopez, 514 U.S. 549 (1995) (holding that the Gun-Free School Zones Act of 1990, which made it a federal crime to knowingly possess a firearm in a school zone, exceeded Congress's authority under the Commerce Clause) and United States v. Morrison, 529 U.S. 598 (2000) (striking down the Violence Against Women Act finding that gender motivated crimes of violence are not economic activity and may not be regulated solely because of the aggregate effect on interstate commerce), reasoning that like the statutes struck down in those cases, SORNA regulates nothing resembling economic activity. Based on the Lopez and Morrison factors, Mr. Akers concludes that SORNA is unconstitutional because the regulated activity has no economic character, the requirements contain no jurisdictional element, the statute contains no congressional findings indicating a link between sex offenders and

4

interstate commerce, and the regulated activities have an insufficient effect on interstate commerce to support an exercise of Commerce Clause powers.

Mr. Akers also contends that SORNA's criminal penalties under Section 2250 violate the Commerce Clause because Congress has no power to federally criminalize a local sex offender's failure to register in a state-run registry. Similar to his arguments regarding the registration requirements, Mr. Akers argues that Section 2250 doesn't evidence a constitutionally sufficient relationship to the regulation of interstate commerce. Mr. Akers further points out that although the statute requires that a defendant "travel in interstate or foreign commerce," the statute doesn't require that the travel occur in connection to a defendant's failure to register nor does it specify when the travel must have occurred. As such, Mr. Akers concludes that there is no nexus between the criminal activity at issue and the interstate travel sufficient for Section 2250 to qualify as a regulation of "people or things in interstate commerce."

The court recently considered an almost identical challenge to SORNA's registration requirements and criminal penalties in United States v. Dixon, 2007 WL 4533720 (N.D. Ind. Dec. 18, 2007). Like Mr. Akers, Mr. Dixon challenged the constitutionality of SORNA under the Commerce Clause, and the court rejected his argument, noting that only a rational basis must exist for concluding that the legislated activity substantially affects interstate commerce. Id. at *5 (*citing* Gonzales v. Raich, 545 U.S. 1, 22 (2005)). SORNA focuses on sex offenders who travel between states and does not purport to reach offenders who remain within

a single state, thus providing the jurisdictional basis and interstate nexus essential to bring SORNA within Congressional authority. Further, the interstate travel requirement provides the rational basis necessary for concluding that "SORNA is substantially related to the public's protection from sex offenders whose interstate travel may frustrate any one State's ability to monitor." United States v. Dixon, 2007 WL 4553720 at *5; *see also* United States v. Gonzales, 2007 WL 2298004, at *9 (N.D. Fla. Aug. 9, 2007).

Similarly, Section 2250 does not violate the Commerce Clause. United States v. Adkins, 2007 WL 4335457, at *6-7 (N.D. Ind. Dec. 7, 2007) ("Congress's authority to regulate the channels of interstate commerce and those persons in interstate commerce is sufficient to support the enactment of 18 U.S.C. § 2250. The Court finds that Congress acted within its power under the commerce clause in enacting SORNA."). Congress has established a jurisdictional predicate of interstate or foreign travel, so the law requires only a *de minimus* effect on interstate commerce. United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007). SORNA relates to the travel of sex offenders across state lines and so is a proper exercise of Congressional authority under the Commerce Clause. United States v. Dixon, 2007 WL 4553720 at *5; *see also* United States v. Madera, 474 F. Supp. 2d 1257, 1265 (M.D. Fla. 2007); United States v. Reynard, 473 F.3d 1008 (9th Cir. 2007). Accordingly, the court denies Mr. Akers's motion to the extent it seeks dismissal for violation of the Commerce Clause.

6

*2. SORNA Violates the Tenth Amendment*

Mr. Akers maintains that because SORNA's registration requirements impose a federal obligation on sex offenders to register with state-created and state-run registries, they are an unconstitutional encroachment of federal power on state sovereignty as prohibited by the Tenth Amendment. The Tenth Amendment provides that the "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST., amend. X. Recognizing that it is no violation of the Tenth Amendment for Congress to exercise its spending power as an incentive to administer a federal program, Mr. Akers says that the registration requirements nevertheless violate the Tenth Amendment because they force state officials to accept federally required sex offender registrations before their states choose to voluntarily adopt SORNA's provisions. *Citing* Printz v. United States, 521 U.S. 898, 935 (1997) ("The Federal Government may neither issue directives requiring the states to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program"); New York v. United States, 505 U.S. 144 (1992) (holding that Congress didn't have the power to compel the states to enact a federal program requiring the states to dispose of toxic waste); United States v. Synder, 852 F.2d 471 (9th Cir. 1988) (holding the issuance or suspension of an individual's drivers license is wholly within a state's police power).

7

Contrary to the cases cited by Mr. Akers, SORNA doesn't violate the Tenth Amendment by forcing the States to do more than already required under existing state registration laws. Indiana's registration requirements haven't changed since the enactment of SORNA, and Mr. Akers is being prosecuted because he traveled in interstate commence and failed to register in Indiana's pre-existing state registry. *See* United States v. Utesch, 2008 WL 656066, at *14-15 (E.D. Tenn. Mar. 6, 2008) (holding that SORNA doesn't require state officials to perform any obligation not already required under state law); United States v. Hacker, 2008 WL 312689, at *3 (D. Neb. Feb. 1, 2008) (holding that SORNA doesn't violate the Tenth Amendment). Accordingly, SORNA doesn't force the States to comply with its registration requirements.

Moreover, Section 2250 criminalizes the failure to register or update registration only by offenders who travel in interstate commerce. As discussed above, the interstate travel requirement provides the jurisdictional basis necessary for Congress to regulate such activity under its Commerce Clause powers. *See* United States v. Synder, 852 F.2d at 475 ("[T]he federal government has no constitutional authority to interfere with a state's exercise of its police power except to the extent the state's action intrudes on any of the spheres in which the federal government itself enjoys the power to regulate."). SORNA's registration requirements act not upon the States but on individual sex offenders. United States v. Dixon, 2007 WL 4553720 at *5. Because SORNA doesn't run afoul of the Commerce Clause, Congress acted under one of its enumerated powers and hasn't

8

impermissibly encroached upon state power. Therefore, the court denies Mr. Akers's motion to the extent it seeks dismissal for violation of the Tenth Amendment.

*3. SORNA Violates the Non-delegation Doctrine*

Mr. Akers argues that SORNA violates the non-delegation doctrine because the statute delegates to the Attorney General the power to determine the retroactivity of the registration requirements as well as the power to prescribe rules for the notification of sex offenders convicted before the statute's enactment. Mr. Akers claims that by so delegating, Congress impermissibly enabled the executive branch to legislate the reach of a criminal statute in violation of the separation of powers and non-delegation doctrines as embodied in Article I of the Constitution. U.S. CONST. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States."). Mr. Akers notes that this delegation is "particularly troubling" because there is no limit on the Attorney General's discretion to decide how far back the registration requirements should be extended nor are there standards provided to guide this determination.

In considering this issue in Dixon, the court followed the reasoning of the United States District Court for the Middle District of Florida in United States v. Madera, 474 F. Supp. 2d at 1260-1262, which concluded that Congress's delegation to the Attorney General merely gave the executive branch an "advisory role." While the Attorney General may provide input regarding SORNA's

retroactivity, the ultimate issue is left to Congress. Id. at 1261. The court finds no reason to depart from this reasoning and denies Mr. Akers's motion to dismiss to the extent it is based on improper delegation of Congressional authority.

*4. Retroactive Application of SORNA Violates the Ex Post Facto Clause*

Article 1, Section 9 of the United States Constitution prohibits Congress from passing any ex post facto laws. U.S. CONST. art. 1, § 9, cl.3. A law violates the Ex Post Facto Clause if it imposes a punishment for an act that was not criminal at the time it was committed or it imposes a punishment greater than that which was originally prescribed at the time the offense was committed. *See* Collins v. Youngblood, 497 U.S. 37, 41-42 (1990). The indictment in this case alleges that Mr. Akers traveled in interstate commerce to Indiana in April 2006 and then failed to register under SORNA from on or about February 28, 2007 to on or about August 22, 2007. Mr. Akers argues that because the indictment alleges conduct that took place before SORNA came into effect, prosecuting him for this act would entail retroactive application of the statute in violation of the Ex Post Facto Clause.

The court addressed the issue of SORNA's retroactivity in United States v. Carr, 2007 WL 3256600 (N.D. Ind. 2007). In that case, the court explained that the ex post facto prohibition "has come to apply 'only to penal statutes which disadvantage the offender affected by them.'" Id. at *2 (*citing* Collins v. Youngblood, 497 U.S. at 41)). A statute that is nonpunitive and regulatory in

10

nature will not violate the ex post facto clause so long as the defendant cannot establish that the state's choice was excessive in relation to its legitimate regulatory purpose. *See* Smith v. Doe, 538 U.S. 84, 92 (2003) (finding that Alaska's sex offender registration and notification law did not constitute retroactive punishment in violation of the Ex Post Facto Clause). The Carr court agreed with those federal district courts that analyzed SORNA and found it, like the statute in Smith, to be a civil, nonpunitive regime for the purpose of public safety. United States v. Carr, 2007 WL 3256600 at *2; *see e.g.,* United States v. Adkins, 2007 WL 4335457 at *3 (adopting Carr reasoning); United States v. Gill, 520 F. Supp. 2d 1341 (D. Utah 2007) (holding that Smith's interpretation of the ex post facto clause was controlling because SORNA's purpose was not to punish offenders but to inform the public about the offender's background); United States v. Hinen, 487 F. Supp. 2d at 755-756 (finding that Congress's purpose was to establish a comprehensive national system for registration of sex offenders so as to protect the public); United States v. Madera, 474 F. Supp. 2d at 1264 (concluding that SORNA doesn't violate the ex post facto clause).

Mr. Akers argues that the Supreme Court's ruling in Smith should not change the analysis in this case. Mr. Akers contends that the Alaska sex offender registration statute in Smith is different from Section 2250, which subjects individuals to federal prosecution based on conduct that was not formerly a federal crime and increases the penalty to up to ten years imprisonment. The court addressed this same argument in Adkins, noting that the Alaska statute was

11

also tied to a criminal statute and finding that "SORNA is a civil, regulatory statute of the ilk examined in Smith v. Doe, and as such, does not implicate the ex post facto clause." United States v. Adkins, 2007 WL 4335457 at *4. Nothing in Mr. Akers's argument persuades the court that its conclusion in Adkins should be revisited. *See* United States v. Dixon, 2007 WL 4553720 at *3.

Similar to the defendants in both Adkins and Dixon, Mr. Akers also argues that SORNA doesn't establish a continuing offense. Instead, Mr. Akers believes that the failure to register occurs only on the day the registration deadline passes, akin to the Supreme Court's reasoning in Toussie v. United States, 397 U.S. 112, 120 (1970) (holding that a one-time failure to register for the draft on the defendant's eighteenth birthday was not a continuing violation for purposes of extending the statute of limitations).[1] As such, Mr. Akers claims that Section 2250 can't be applied to his failure to register in April 2006 before the statute's effective date. The Carr court adequately addressed this alternate argument, finding that the defendant was not held accountable for pre-SORNA conduct, but rather, the conduct prohibited by Section 2250 is the failure to register after the passage of SORNA. 2007 WL 3256600 at *3 ("[I]t is not relevant that the Defendant's obligation to register began before passage of SORNA. What is relevant is that the

---

[1] Mr. Akers also relies on United States v. Smith, 481 F. Supp. 2d 846 (E.D. Mich. 2007), for the proposition that SORNA violates the ex post facto clause, but the court agrees with the government that the stronger position lies with the majority of district courts and that Smith is an "isolated case." *See* United States v. Hulen, 2007 WL 2343885, *2 (W.D. Ark. Aug. 15, 2007) (acknowledging that Smith reached an opposite conclusion but declining to be persuaded by the reasoning in that case).

Defendant remains unregistered in the state of Indiana after the passage of SORNA."). In so holding, the Carr court concluded that SORNA requires the roaming sex offender to re-register periodically, and unlike the draft registration statute at issue in Toussie, SORNA creates a continuing obligation. Id (*citing* United States v. Black, 125 F.3d 454, 466-446 (7th Cir. 1997)); United States v. Dixon, 2007 WL 4553720 at *3. Accordingly, the court denies Mr. Akers's motion to the extent it seeks dismissal for violation of the Ex Post Facto Clause.

*5. Application of SORNA to Mr. Akers Violates the Due Process Clause*

Mr. Akers claims that he had no notice of SORNA's requirements when his alleged misconduct occurred because the statute had yet to be enacted, and as such, prosecution under Section 2250 violates his right to due process. Although Mr. Akers previously registered in both Ohio and Kentucky before traveling to Indiana, he argues that his knowledge of existing state registration requirements are not a proxy for knowledge of the SORNA registration requirements. Mr. Akers also says that because Indiana hasn't adopted SORNA, "it would have been impossible from him to have registered 'as required by SORNA.'" Although Indiana has a sex offender registry that predates SORNA, Mr. Akers notes that Indiana's requirements are much less detailed and onerous. As a result, Mr. Akers claims that the indictment should be dismissed because it violates due process as applied to him.

13

While the Fifth Amendment's Due Process Clause provides for fair notice of criminal penalties, district courts have routinely rejected constitutional challenges to sex offender registration laws on due process grounds. *See* United States v. Dixon, 2007 WL 4553720 at *4 ("Mr. Dixon need not, to have committed the federal crime, have been told by some official that he had to register pursuant to SORNA") (*citing* United States v. Gonzales, 2007 WL 2298004, at *4)); United States v. Templeton, 2007 WL 445481, *5 (W.D. Okla. Feb. 7, 2007) ("SORNA does not violate either procedural or substantive due process."). Mr. Akers previously registered as a sex offender in both Ohio and Kentucky before the enactment of SORNA, and there is no dispute that Mr. Akers also had a duty to register as an offender under the laws of Indiana. SORNA did not impose any new obligations on Mr. Akers other than those that existed before the Attorney General's promulgation of its interim rule on retroactivity. *See* United States v. Adkins, 2007 WL 4335457 at *5. Therefore, Mr. Akers had sufficient notice that a failure to register was illegal.

Mr. Akers's argument that it was impossible to comply with SORNA because it has not yet been implemented in Indiana also fails. Specifically, 42 U.S.C. § 16913(a) requires a sex offender to register and keep the registration current "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." Indiana maintained a registry before and after the enactment of SORNA, and "the fact that the states have not yet met their obligations under SORNA (they have at least until July 27, 2009, to do so) is of no

14

consequence in determining whether it was possible for [Mr. Akers] to meet his own obligations under the Act." Id. at *6. The court denies Mr. Akers's motion to the extent it seeks dismissal for failure to provide due process of law.

*6. Mr. Akers is Not Required to Register Under SORNA Because the Attorney General Had Not Yet Determined the Applicability of SORNA at the Time of the Relevant Conduct*

Finally, Mr. Akers argues that because the Attorney General didn't enact any rules regarding the retroactivity of the registration requirements until after Mr. Akers traveled in interstate commerce, SORNA and so Section 2250, don't apply to him. The registration requirements delegate to the Attorney General the authority to specify the applicability of the requirements to sex offenders convicted before July 27, 2006. On February 28, 2007, the Attorney General published its interim ruling concluding that the requirements "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of the Act." Because this ruling wasn't issued until after Mr. Akers traveled in interstate commerce, he claims he wasn't required to register until February 28 and can't be prosecuted for any actions that took place before then.

The government responds that Mr. Akers was obligated to register on the dates alleged in the indictment. The state of Indiana required Mr. Akers to register before SORNA's enactment, and that Mr. Akers moved to Indiana before the

15

Attorney General issued its ruling regarding retroactivity doesn't preclude Mr. Akers's continuing requirement to register. As already noted, SORNA creates a continuing obligation to periodically re-register when traveling between states. *See* United States v. Black, 125 F.3d at 464-467. Mr. Akers didn't register upon arriving in Indiana and hadn't registered by or within the time period alleged in the indictment. Accordingly, the indictment states an offense for which Mr. Akers can be held to answer, and the court denies Mr. Akers's motion to the extent it seeks dismissal based on the fact that the relevant conduct occurred before the Attorney General determined SORNA's applicability to individuals convicted of sex offenses before the enactment of the statute.

*Conclusion*

For the foregoing reasons, the court DENIES David Akers's motion to dismiss the indictment [Doc. No.12].

SO ORDERED.

ENTERED:   April 3, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court